UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONATHAN HAMER § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23-cv-1472-G |
| § | |
| BOND PHARMACY, INC. a DELAWARE § | |
| CORPORATION, trading as ADVANCED § | |
| INFUSION SOLUTIONS § | |
| § | |
| Defendant § | JURY TRIAL DEMANDED |

SECOND AMENDED COMPLAINT

Plaintiff Jonathan Hamer hereby files this second amended complaint pursuant to the False Claims Act, the Texas Medicaid Fraud Prevention Act ("TMFPA"), the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 and the Texas Labor Code ("TLC").

Parties

1. Defendant is a corporation operating as Advanced Infusion Solutions. Defendant provides, inter alia, targeted drug delivery for drug medications it compounds through infusion therapy, by dispensing and administering its compounded medication with implantable intrathecal pumps manufactured by a third party. Defendant may be served with this second amended complaint and summons through National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

2. Plaintiff was hired in early 2018 and served as director of pharmacy and eventually pharmacist in charge of Defendant's Dallas pharmacy from its opening through the summer of 2021. He was then promoted to management and no longer in the pharmacy. Plaintiff asked to no

longer be designated for compliance purposes as the pharmacist in charge of the pharmacy due to significant compliance, quality and legal issues, including violations of the False Claims Act and the TMFPA, that were not being addressed appropriately.

Jurisdiction and Venue

3.      This action arises under the False Claims Act, the Americans with Disabilities Act and the Title VII of the Civil Rights Act of 1964, and this Court accordingly has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's claims under the TLC and TMFPA pursuant to 28 U.S.C. § 1367.

4.      Venue in this District is proper.

Facts

5.      During his employment, in April 2022, Plaintiff was injured at work by exposure to cleaning solvents, suffering injury to his lungs constituting a disability as an impairment of his major bodily function of respiration.

6.      Plaintiff was terminated in May 2022 after making one or more of complaints of practices by Defendant in violation of the False Claims Act and the TMFPA to one or more human resources representatives or in-house counsel for Defendant.

7.      Apart from the actions and omissions of Defendant reflecting retaliation against Plaintiff on the basis of his opposition to practices of Defendant violating the FCA and TMFPA, Plaintiff, during his employment by Defendant, was subjected to discrimination on the basis of disability and religion, and to retaliation for his opposition to unlawful practices, in violation of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964 and the Texas Labor Code. Specifically, during his employment, Plaintiff requested accommodations to his respiratory disability in the form of a respirator and otherwise, including after suffering additional respiratory

injury in the course of continuing to work after first notifying Defendant of his respiratory injury as instructed by his superior at the risk of impairment of his respiratory function, but the accommodations were denied and he was terminated within two weeks of his last report of disability and request for accommodations. Further during his employment, Plaintiff was repeatedly subjected to questions and bigoted statements and conduct of representatives of Defendant based on his Jewish religion. Plaintiff complained of such anti-Semitism by representatives of Defendant to one or more human resources representatives of Defendant. Plaintiff also complained to one more human resources representatives or in-house counsel for Defendant, or both, of sexual harassment by a representative of Defendant at a work function as well as racist and homophobic comments by representatives of Defendant at other times. Plaintiff further complained to one or more human resources representatives or in-house counsel for Defendant, or both, of derogatory statements on the basis of race about his wife and other employees of Defendant by representatives of Defendant. Plaintiff was terminated in May 2022 within several weeks of making one of such complaints of unlawful practices against himself and others to one or more human resources representatives or in-house counsel for Defendant.

Claims

8.  For first cause of action, Plaintiff would show that he was terminated in violation of Section 3730(h) of the False Claims Act. He is accordingly entitled to recover his actual damages, including two times the amount of backpay, interest on the back pay, compensatory damages, including compensation for special damages, prejudgment interest, attorney's fees and litigation costs and costs of court.

9.  For second cause of action, Plaintiff would show that he was terminated in violation of the TMFPA. He is accordingly entitled to recover his actual damages, including two times the

amount of backpay, interest on the back pay, compensatory damages, including compensation for special damages, prejudgment interest, attorney's fees and litigation costs and costs of court.

10. For third cause of action, Plaintiff would show that he was subjected to discrimination, and to retaliation, in violation of the Americans with Disabilities Act. He is accordingly entitled to recover his actual damages, compensatory damages and punitive damages, prejudgment interest, attorney's fees and costs.

11. For fourth cause of action, Plaintiff would show that he was subjected to discrimination, and to retaliation, in violation of Title VII of the Civil Rights Act of 1964. He is accordingly entitled to recover his actual damages, compensatory damages and punitive damages, prejudgment interest, attorney's fees and costs.

12. For fifth cause of action, Plaintiff would show that he was subjected to discrimination, and to retaliation, in violation of the Texas Labor Code. He is accordingly entitled to recover his actual damages, compensatory damages and punitive damages, prejudgment interest, attorney's fees and costs.

13. Plaintiff demands a jury.

WHEREFORE, Plaintiff requests that this Court award Plaintiff all of the relief to which he is entitled.

Respectfully submitted,

/s/ Robert E. Goodman, Jr.
Robert E. Goodman, Jr.,
Texas Bar No. 08158100
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 379-0823

/s/ Marc M. Orlow
/s/ Ross Begelman
Marc M. Orlow
morlow@lawjw.com
Ross Begelman
rbegelman@lawjw.com
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, PC
411 Route 70 East, Suite 245
Cherry Hill, New Jersey 08034
(856) 428-6020

COUNSEL FOR PLAINTIFF